**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ---------------------------------------------------------- ) | |
| COTTINGHAM AGENCIES, LTD., ) | |
| FUNTIME HANDELS GESMBH, ) | **Case No._____** |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.                                        ) | **COMPLAINT** |
| ) | **FOR** |
| HARRY MURPHY an Individual, ALAN FERGUSON ) | **PATENT** |
| an Individual, both dba MURPHY AMUSEMENTS, ) | **INFRINGEMENT** |
| MURPHY AMUSEMENTS, ) | |
| and DOES I TO X, ) | **JURY TRIAL** |
| ) | **DEMANDED** |
| Defendants.------------------------------------ | |
| ---------------------- | |

This is an action for patent and trademark infringement in which Cottingham

Agencies, Ltd. ("Cottingham") and Funtime Handels Gesmbh ("Funtime") make the

following allegations against Defendants  Harry Murphy and, Alan Ferguson, both dba

Murphy Amusements (all of the foregoing defendants collectively referred to herein as

"*Defendants")*, as follows:

## PARTIES

1.      Plaintiff Cottingham is a corporation duly organized and existing under the laws

of the United Kingdom with its principal place of business in London, England.

Cottingham is the assignee of and owns all rights, title, and interest in and has standing

to sue for infringement of the United States Patent No. 7,666,103 (the "'103 Patent"),

which is entitled "Amusement Ride" (Exhibit A), and is the owner of all rights, title,

1

and interest in and has standing to sue for infringement of United States Trademark

Registration No. 3,425,308 (the "Trademark Registration").

2.     Plaintiff Funtime is a corporation duly organized and existing under the laws of

Austria with its principal place of business in Doelsach, Austria.  Plaintiffs Funtime and

Cottingham cooperate in the manufacture and sale of amusement rides covered under

the '103 Patent. Plaintiffs' amusement rides covered under the '103 Patent are operating

throughout the United States and worldwide.

3.     Defendant Harry Murphy is an individual dba, Murphy Amusements  with  a

business address at PO Box 1651, Cleveland, TX 77328 and manufactures, sells, leases

and/or services a variety of amusement rides.

4.     Upon information and belief, Defendant Murphy Amusements is a business

entity and has previously and is presently making, using, leasing, selling, offering for

sale, importing into the United States and/or exporting to the United States amusement

rides that infringe one or more claims of the '103 Patent.

5.     On information and belief, Defendant Alan Ferguson is an individual dba

Murphy Amusements with a  business address at PO Box 1651, Cleveland, TX 77328 .

and has previously and is presently making, using, leasing, selling, offering for sale,

importing into the United States and/or exporting to the United States amusement

rides that infringe one or more claims of the '103 Patent.

6.     On information and belief, Does I-X, are customers of the other defendants

operating and otherwise using the alleged infringing rides at their own facilities and/or

the facilities of others. Does I-X have previously and are presently making, using,

selling, leasing and/or offering for sale amusement rides that infringe one or more claims of the '103 Patent.


JURISDICTION AND VENUE

7.      This action arises under the Patent Laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action for infringement of the '103 Patent.

8.      Each Defendant has transacted business in this District, and has committed, induced and/or contributed to acts of patent infringement in this District and outside of this District.


9.      Venue is proper in this district under 28 U.S.C. § 1391(b), and under the specific venue provision relating to patent infringement actions, 28 U.S.C. § 1400(b).

10.   This Court has jurisdiction over this action by virtue of:

        a.      Jurisdiction founded on the existence of a federal question arising under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1121 and 1125(a) arising on account of Defendant's misrepresentation of the origin of its goods, and 15 U.S.C . 1114 arising on account of Defendant's use of Plaintiff's registered trademark, and 28 U.S.C. § 1331 on account of the existence of a question arising under the Constitution, law or treaties of the United States, and 28 U.S.C. § 1338(a) in that this case arises under the trademark and patent laws of the United States.

3

b.     The Court has jurisdiction over the common law unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

c.     Jurisdiction founded on the existence of a federal question arising under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq. arising on account of Defendant's infringement of patent laws of the United States.

## BACKGROUND

11.     On December 27, 2004, Walter Pondorfer and Laurence Ross Petrie, filed a U.S. patent application for their invention of an amusement ride. On July 5, 2005, Walter Pondorfer and Laurence Ross Petrie assigned their interest in the patent application and the invention solely to Walter Pondorfer.

12.     On February 23, 2010, the '103 Patent issued on the application filed by Pondorfer and Petrie.

13.     On January 18, 2012, Walter Pondorfer assigned all rights, title and interest in the '103 Patent to Plaintiff Cottingham.

14.     The '103 Patent discloses and claims an aerial amusement ride which, after conveying riders upwardly to a desired height, conveys the riders through the air in a path circling a central tower. The invention is more fully described and illustrated in the '103 Patent (Exhibit A).

15.     Defendants  Does I-X, Harry Murphy and Alan Ferguson both dba Murphy Amusements, and Murphy Amusements  manufacture, use, sell, lease and/or offer for sale a so-called "Star Flyer" amusement park ride, as may be seen on their website at Internet address  http://murphyamusements.com. Exhibits B and C. The "Star Flyer" amusement ride infringes upon Cottingham's rights under the '103 Patent.

16.     Defendants Does I-X, Harry Murphy and Alan Ferguson both dba Murphy Amusements, and Murphy Amusements  manufacture, use, sell, lease and/or offer for sale a so-called "Star Flyer" amusement park ride. The "Star Flyer" amusement ride infringes upon Cottingham's rights under the Trademark Registration.

17.     Defendants Does I-X are customers of Defendants, and operate the  Defendants' "Star Flyer" amusement rides at their own amusement facilities, or provide the  "Star Flyer" amusement rides to others.


## COUNT ONE

## PATENT INFRINGEMENT

18.     The Defendants have manufactured, used, sold and/or offered for sale amusement rides that infringe the '103 Patent and will continue to so through the life of the '103 Patent, if not enjoined by this Court. Such infringement has, and continues to, irreparably injure Plaintiffs.

19.      Upon information and belief, Defendants Harry Murphy, Alan Ferguson, both dba Murphy Amusements, Murphy Amusements and Does I–X offer their infringing "Star Flyer" amusement park ride throughout the United States and have been and now

are, literally and/or under the doctrine of equivalence, directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '103 Patent throughout the United States, in this judicial district, and elsewhere in the United States by, among other things, making, selling, operating, controlling, using, leasing and/or benefiting from an amusement ride which infringes one or more claims of the '103 Patent. Such acts are in violation of 35 U.S.C. § 271.

20.     Such acts constitute infringement of one or more claims of the '103 Patent to the injury of Cottingham. Defendants are thus liable for infringement of the '103 Patent pursuant to 35 U.S.C. § 271.

21.     Defendants are and have been aware of the '103 Patent and Defendants' infringement of the '103 Patent is and has been willful, and Plaintiff will request such a finding at the time of trial.

22.     As a result of the Defendants' infringement of the '103 Patent, Cottingham and Funtime have suffered monetary damages in an amount not yet determined but believed to be in excess of $2,000,000, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

23.     Unless a permanent injunction is issued enjoining the defendants and their agents, employees, representatives, affiliates, and all others acting with or in concert with any of them from infringing the '103 Patent, plaintiffs will be greatly and irreparably harmed.

**Plaintiff's Federal Trademark Registrations and Applications**

6

24.     Cottingham Agencies Ltd. is the owner of the Trademark Registration directed to the trademark STARFLYER (the "Trademark") filed on February 9, 2007, for use in international class 038. Exhibit D.

## COUNT TWO

## UNFAIR COMPETITION

25.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 24 of this complaint as a part of this Count.

26.     Defendants misappropriated Plaintiff's goodwill associated with the Trademark, using the Infringing Designation "STAR FLYER" for Defendants' own competitive advantage. Defendants apply the Infringing Designation "STAR FLYER" to their infringing ride. The Infringing Designation "STAR FLYER" is confusingly similar to Plaintiff's Trademark "STARFLYER." See Exhibit E.

27.     Defendants are blatantly and brazenly planning to misappropriate and/or are misappropriating Plaintiff's Trademark for Defendants' own commercial advantage. Defendants plan to use Plaintiff's property and benefit from such use.

28.     Such infringing use of the Infringing Designation "STAR FLYER" has irreparably injured and continues to irreparably injure Plaintiff.

29.     Plaintiff will suffer damage and Defendants will be unjustly enriched in amounts at present uncertain on account of said complained of acts by Defendant. Defendants will continue to deceive the public, impair the value of Plaintiff's Trademark and otherwise will cause Plaintiff immediate and irreparable harm. Plaintiff is entitled to an

injunction enjoining Defendants from using Plaintiff's Mark and other designations of origin.

## COUNT THREE

### INFRINGEMENT OF COMMON-LAW TRADEMARK RIGHTS

30.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 29 of this complaint as a part of this Count.

31.     Plaintiff's amusement ride products, provided under the Trademark, have been offered consistently and continuously since the filing of the Trademark and continue to be extensively sold by Plaintiff.

32.     Plaintiff derives substantial benefits from the Trademark.

33.     Defendants' acts are a false description and representation that Defendants' services are furnished by, sponsored by and/or affiliated with Plaintiff. Said acts constitute common law trademark infringement, passing off and free-riding, and are in violation of the unfair competition law of the several states in that Defendants have used, in connection with goods and/or services, a false designation of origin and a false description and representation including words likely to confuse the public.

34.     By such actions Defendants have damaged and will continue to damage Plaintiff.

## COUNT FOUR

### FEDERAL UNFAIR COMPETITION – LANHAM ACT SECTION 43

35.     As a cause of action and ground for relief, Plaintiff alleges and incorporates by reference paragraphs 1 through 32 of this complaint as a part of this Count.

8

36.     Plaintiff, prior to the acts complained of herein, has been and is now engaged in interstate commerce by virtue of the ongoing sale of goods under the Trademark.

37.     The aforesaid acts of Defendants constitute unfair competition and passing off, and are likely to cause the trade and the public to erroneously believe that Defendants' products and services originate with and/or are guaranteed by the Plaintiff, or otherwise associated with Plaintiff. Said acts are in violation of 15 U.S.C. § 1125(a) in that Defendants have used, in connection with goods and services, a false designation of origin and a false description and representation, including words, reproductions and other symbols tending falsely to describe or represent the same and has caused such services to enter into interstate commerce.

38.     Such acts have injured and continue to injure Plaintiff's business reputation and dilute or otherwise injure or destroy the distinctive character of Plaintiff's Trademark and the quality of Plaintiff's reputation associated with its Trademark, all to Plaintiff's substantial, irreparable harm. As a result, Plaintiff is entitled to injunctive relief from this court under 15 U.S.C. § 1125(c)(1).

39.     By reason of the acts of Defendants alleged herein, Plaintiff has been damaged and, unless restrained by this Court, Defendants have and will continue to confuse and deceive the public, impair the value of Plaintiff's Trademark and otherwise cause Plaintiff immediate and irreparable harm.

40.  Defendants are liable to Plaintiff for violation of 15 U.S.C. § 1125(a).

9

**PRAYER FOR RELIEF**

WHEREFORE, Cottingham and Funtime respectfully request that this Court enter:

1.      A judgment in favor of Cottingham and Funtime that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '103 Patent, and that such infringement was willful;

2.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '103 Patent;

3.      A judgment and order requiring Defendants to pay Cottingham and Funtime their damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '103 Patent as provided under 35 U.S.C. § 284;

4.      An award to Cottingham and Funtime for enhanced damages as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Cottingham and Funtime reasonable attorneys' fees;

6.      A judgment that damages be enhanced and trebled;

7.      An order that Defendants be required to account for any and all profits and funds collected or otherwise derived by Defendants from its activities, as well as all

damages sustained by the Plaintiff by reason of Defendants' use of the Infringing

Designation "Star Flyer" and unfair competition herein alleged;

8.      A preliminary and final order enjoining Defendants from (i) using the

Trademark and confusingly similar designations and terms derived therefrom or

confusingly similar thereto, (ii) mimicking Plaintiff's Trademark in its advertisements,

Twitter accounts, Tumblr accounts, Facebook accounts, websites and otherwise;

9.      A preliminary and final order requiring that all documents, electronic

documents, websites, Twitter accounts, Tumblr accounts, Facebook accounts, YouTube

accounts, materials, labels, signs, products, packages, wrappings, receptacles,

advertisements, apparel, merchandise, and other business and promotional materials

and products in Defendants' possession or control bearing the infringing designation

Star Flyer or other infringing designations of origin or any reproduction, counterfeit, or

copy thereof (including all literature, server copies, uploaded copies, video recordings,

audio recordings, publications, contacts, information and other materials embodying

the infringing activity forming the subject matter of this complaint), and all electronic

files and other means of making the same shall be removed from the Internet and

delivered up and destroyed;

10.     An order that the Defendants transfer and assign any domain name bearing the

Trademark or Infringing Designation, and any other similar domain names to Plaintiff;

11.     An order that any and all of Defendants' trademark applications and

registrations to the Infringing Designation and the Trademark or confusingly similar

terms be expressly abandoned;

11

12.     An order awarding plaintiff actual damages and punitive damages, and that

such damages be trebled, and that costs of this action be assessed against Defendant;

13.      Plaintiff have such other and further relief as is just, including costs and

attorneys' fees, and

14.     Any and all other relief to which Cottingham and/or Funtime may show itself to

be entitled.

Respectfully submitted,

COTTINGHAM AGENCIES, LTD.
FUNTIME HANDELS GESMBH

By: */s/ Anthony H. Handal*
Anthony H. Handal
Handal & Morofsky, LLC
501 Kings Highway East
Fairfield, CT 06825
917-880-0811
Email: handal@HandalGlobal.com

Attorney for Plaintiffs
Cottingham Agencies, Ltd., and
Funtime Handels Gesmbh

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

COTTINGHAM AGENCIES, LTD.
FUNTIME HANDELS GESMBH

Dated: <u>June 29, 2015</u>

By: <u>/s/ Anthony H. Handal</u>
Anthony H. Handal
Handal & Morofsky, LLC
501 Kings Highway East
Fairfield, CT 06825
917-880-0811
Email: handal@HandalGlobal.com

Attorneys for Plaintiffs
Cottingham Agencies, Ltd., and
Funtime Handels Gesmbh

13